**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA HASBROUCK,**

                **Plaintiff,**                1:09-cv-748
                                                                       (GLS\RFT)
          **v.**

**ARROW FINANCIAL SERVICES LLC,**

                **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Anthony J. Pietrafesa      ANTHONY J. PIETRAFESA, ESQ.
210 Bell Court
Schenectady, NY 12303

**FOR THE DEFENDANT:**
Lacy, Katzen Law Firm              JOHN T. REFERMAT, ESQ.
130 East Main Street
The Granite Building
Rochester, NY 14604

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Linda Hasbrouck brings this action under the Fair Debt

Collection Practices Act[1] (FDCPA) alleging that defendant Arrow Financial Services LLC engaged in unfair and deceptive debt collection practices. (*See generally* Compl., Dkt. No. 1.)  Pending is Arrow's motion for judgment on the pleadings.  (Dkt. No. 10.)  For the reasons that follow, the motion is denied.

## II. Facts

Arrow, a debt collection agency, commenced an action in Schenectady City Court for the collection of credit card debt against Hasbrouck, ultimately securing a default judgment in October 2008.  (*See* Compl. ¶¶ 6-7, Dkt. No. 1.)  As part of Arrow's application for default judgment, Arrow was required to submit either an affidavit asserting the facts comprising the claim or a verified complaint.  *See* N.Y. C.P.L.R. § 3215(f).  In satisfaction of that requirement, Arrow submitted an affidavit of one of its "agents/officers" alleging that Hasbrouck was delinquent in the amount of $3,224.43 on a credit account that Arrow had purchased from "Household," the original debtor.[2] (*See* Compl. ¶ 8, Dkt. No. 1.)  The affidavit further stated that the assertions it contained were "based on a

---

[1] 15 U.S.C. § 1692, *et seq.*

[2] "Household" refers to HSBC Bank Nevada.  (*See* Easterling Aff. ¶ 2, Dkt. No. 15.)

2

review of [Arrow's] books and records as well as account information provided to [Arrow] by Household." (*See id.* at ¶ 9.)

In December 2008, the default judgment was vacated by stipulation. (*See id.* at ¶ 10.) Hasbrouck then filed an answer to Arrow's complaint, and served on Arrow discovery demands and interrogatories. (*See id.*) In May 2008, without having responded to Hasbrouck's initial request and subsequent requests for discovery and interrogatories, Arrow discontinued its action against Hasbrouck. (*See id.* at ¶ 12.) According to Hasbrouck, the action was discontinued because Arrow "never had anything from Household nor had books or records regarding any account in [Hasbrouck's] name." (*See id.* at ¶¶ 12-13.) Pointing to this lack of information, Hasbrouck commenced this action on June 30, 2009, claiming that Arrow submitted a false affidavit to the Schenectady City Court in violation of the FDCPA. (*See id.* at ¶¶ 12-13, 17.) Arrow now moves for judgment on the pleadings. (*See* Dkt. No. 10.)

## III. Discussion

### A. Standard of Review

In deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court applies the same standard as is

3

used in deciding a motion to dismiss pursuant to Rule 12(b)(6). *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

"To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

4

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Rather, the claim must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citation omitted). Thus, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, but "does not impose a probability requirement," *Twombly*, 550 U.S. at 556.

## B. The Fair Debt Collection Practices Act

The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban. *Id.* However, since the list provided by § 1692e is not exhaustive, a debt collection practice may still be "false, deceptive, or misleading" even if it does not fit within one of § 1692e's subsections. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Furthermore, under 15 U.S.C. §

5

1692f, a debt collector is forbidden from using "unfair or unconscionable means to collect or attempt to collect any debt."

To determine whether a debt collection practice is deceptive or misleading, that practice must be viewed objectively from the perspective of the "least sophisticated consumer." *Clomon*, 988 F.2d at 1318. The basic purpose of this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* However, "in crafting a norm that protects the naive and the credulous ... courts have carefully preserved the concept of reasonableness" by declining to extend FDCPA protection to "every bizarre or idiosyncratic interpretation" of collection notices and other practices. *Id.* at 1319 (citation omitted). Thus, as the Second Circuit has explained, the least-sophisticated consumer standard functions to ensure the protection of *all* consumers, while also protecting debt collectors against liability for unreasonable interpretations of collection practices. *See id.*

The FDCPA is a strict liability statute. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993). Accordingly, the consumer need not show intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).

6

Here, the gravamen of Hasbrouck's complaint is that Arrow filed a false or "phony" affidavit in seeking a default judgment against her. In support of its motion for judgment on the pleadings, Arrow contends that (1) the complaint fails to plead facts giving rise to a plausible inference that the statements in the affidavit are false, and (2) even if Hasbrouck's allegations are true, the complaint fails to state a claim under the FDCPA as it fails to show how Arrow's alleged actions could have misled the least sophisticated consumer. (*See generally* Def. Mem. of Law, Dkt. No. 10:3.) Having reviewed the complaint and the parties' submissions, however, the court finds that Hasbrouck's complaint gives rise to at least a plausible inference of falsity, and alleges a potentially viable claim under the FDCPA. Accordingly, Arrow's motion for judgment on the pleadings is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Arrow's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED** with leave to renew; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

7

March 26, 2010
Albany, New York

_____
United States District Court Judge

8