UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LINDA HASBROUCK

                        Plaintiff

Vs                                        **1:09-CV- 0748 ( GLS/RFT)**

ARROW FINANCIAL SERVICES LLC

                        Defendant

---

**PLAINTIFF'S MEMORANDUM OF LAW OPPOSING DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT & SUPPORTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Submitted by :

Anthony J. Pietrafesa Esq ( 102368)
*Attorney for the Plaintiff*
210 Bell Court
Schenectady NY 12303
518-218-0851
fax: 518-514-1241
ajp@ajp1law.com

1

**TABLE OF CONTENTS**

Standard of Review                                                                     3

Material Facts                                                                         3

Argument                                                                               4

Fair Debt Collection Practices Act                                                     4

New York State Practice and Procedure on Default                                       5

Prima Facie case for credit card cases in New York                                     7

Default Affidavits now in question                                                     8

The Affidavit of Facts submitted by Arrow
 was false, deceptive and misleading as a matter of law                                9

Arrow cites no authority for the proposition that a hearsay
affidavit is proper when filing a default judgment in  New York                        12

Conclusion                                                                             13

**STANDARD OF REVIEW**

Before the Court are competing motions for summary judgment. In ruling on a motion for summary judgment, judgment " shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. " FRCP 56( c ) " The burden is on the moving party to demonstrate that no genuine issue respecting any material fact exists" *Gullo vs Prudential Residential Services LP*, 22 F 3rd 1219, 1223 ( 2nd Cir. 1994)  but the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact. *Anderson vs Liberty Lobby One,* 477 U/S/ 242, 247-48, 106 S.Ct. 2305, 2510 ( 1986). " On summary judgment, the inferences to be drawn from the underlying facts …must be viewed in the light most favorable to the party opposing the motion" *United States vs Diebold Inc*, 369 U.S. 654, 655, 82 S.Ct. 993, 994 ( 1962) , but the non-moving party "must do more than show there is some metaphysical doubt as to the material facts. " *Matsushita Elec. Indus. Co. vs Zenith Radio Corp.*  475 U.S. 374. 386, 106 S. Ct. 1348, 1356 ( 1986)

**MATERIAL FACTS**

The plaintiff, Linda Hasbrouck, is a resident of Schenectady County. The defendant, Arrow Financial Services LLC, is debt collector.

Hasbrouck allegedly defaulted on a credit card debt to HSBC ( Household) . Arrow alleges it bought this debt from HSBC ( Household), though is not established when that actually happened. When Arrow bought the debt,  Household gave it and electronic file  regarding an account in the name of Linda Hasbrouck containing data but no documents. Defendant's counsel has referred to this as a "boarding file. " [1]

 Arrow then sued Hasbrouck in the Schenectady City Court in July 2008.  When Hasbrouck didn't appear, Arrow applied for a default judgment. As part of its application, Arrow submitted a so-called " Affidavit of Facts Constituting the Claim the Default and the

---

[1] See Ex H, Ex I to Pietrafesa Affidavit filed herewith

3

Amount Due" ( "Affidavit of Facts") signed by a Geamen Izdou. Izdou represented him/herself as an officer/agent of Arrow. In paragraph 2 of the Affidavit of Facts, Izdou states, albeit "on information and belief," that Hasbrouck made credit card charges based on a credit or loan agreement and that the agreement was furnished to Hasbrouck. In paragraph 3, Izdou categorically states that Hasbrouck owed $3224.43 thereon. Izdou concludes the Affidavit of Facts by stating " This affidavit is based on a review of plaintiff's books and records as well as account information provided to plaintiff by Household. "[2]

It is undisputed that the boarding file was the only " books and records" and " account information provided to plaintiff by Household " Arrow had at both the time the affidavit was made and when Arrow submitted it to the Court. It is undisputed that at the time the affidavit was made and filed, Arrow did not have documents of any kind such as an application, cardholder agreement between Hasbrouck and Household, proof that the agreement was sent to her, monthly statements or other documentary proof showing usage.

On 10/31/08, the Schenectady City Clerk accepted Arrow's default application and entered judgment against her. Later, the parties vacated the judgment and Hasbrouck answered the complaint. After 5 months in which Arrow failed to answer Hasbrouck's discovery demands, the action was discontinued by stipulation.[3] This action ensued.

## ARGUMENT

### Fair Debt Collection Practices Act

The enacted purpose of the Fair Debt Collection Practices Act, 15 USC 1692 et seq., (FDCPA) is equally to eliminate abusive debt collection practices, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action. *15 USC §1692(e)*.

---

[2] See Ex B
[3] Ex C, D, E to Pietrafesa Affidavit

4

The FDCPA provides broad protection to consumers like Linda Hasbrouck. Significantly. the Act prohibits the use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the use of any false representation or deceptive means to collect or attempt to collect any debt . *15 USC §§1692e, 1692e(10).* Also, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 USC §1692f

As the FDCPA focuses on collector conduct, the Second Circuit has characterized it as a strict liability statute.  *Russell vs Equifax ARS* 74 F 3rd 30, 33 ( 2nd Cir 1996); *Bentley vs Great Lakes Collection Bur.* 6 F 3rd 60, 63 ( 2nd Cir 1993).  In other words,  the fact the debtor may owe the underlying debt is irrelevant *Baker v. G.C. Services Corp.,* 677 F.2d 775 (9th Cir. 1982)[4]   In addition, as a remedial statute, the FDCPA is liberally construed in favor of the consumer. *See e.g., Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).*

Here, Linda Hasbrouck alleges that the use and filing of the  7/7/08  " Affidavit of Facts constituting the claim the default and the amount due"  was a false, deceptive, misleading and unfair act in violation of 15 USC §§1692e, 1692e(10) and 1692f.

In  analyzing claims regarding false, deceptive or misleading documents used to collect a debt, courts within the Second Circuit employ  employ the " least sophisticated consumer" standard.  That is, it is an objective standard  which measures the likely  effect the Affidavit of Facts would have in the mind of the least sophisticated consumer. *See Russell* , 74 F3rd at 34 ( *citing Clomon vs jackson* 988 F2d 1314, 1318 ( 2nd Cir 1993)

### New York State Practice and Procedure on Default.

Before determining whether the Affidavit of Facts is false, deceptive or misleading, the Court needs to understand the context in which it was submitted.

---

[4] Representative Frank Annunzio, chairman of the subcommittee that reported out the bill, stated during debate "(t)hat every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner." 123 Cong.Rec. 10241 (1977)

5

The procedure for taking a default judgment for nonappearance in a collection case is covered by Section 3215 of the New York State Civil Practice Law and Rules. We ask the Court to take judicial notice of this state statute, which reads in pertinent part:

> "§ 3215. Default judgment
> (a) Default and entry. When a defendant has failed to appear… the plaintiff may seek a default judgment against him. If the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default. The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest….
>
> (f) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316 of this chapter, and _proof of the facts constituting the claim, the default and the amount due by affidavit made by the party,_ or where the state of New York is the plaintiff, by affidavit made by an attorney from the office of the attorney general who has or obtains knowledge of such facts through review of state records or otherwise. Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney. "[5]

Here, the complaint was unverified by Arrow and simply signed by its attorneys. So, the affidavit of facts required by CPLR § 3215(f) was crucial to Arrow's success in the state court action. In this case, it is the instrument which convinced the court clerk to enter judgment for Arrow. And while CPLR §3215(a) makes entry a ministerial act of the court clerk in actions for a sum certain, entry is not intended to be automatic. _Collins Financial vs Vigilante_ 2011 NY Slip Op 21088 ( NYC Civ Ct, Rich. Ct, 2011) ; _Velocity Investments vs McCaffrey_ 2011 NY Slip Op 21037[6]

---

[5] Emphasis added; Full text at Exhibit 1 hereto
[6] Both are included at Ex 1 to this. Interestingly, _McCaffrey_, like Linda Hasbrouck here, was the victim of sewer service and she received the same affidavit McCaffrey did _see_ Hasbrouck Affidavit and exhibits thereto.

6

First, courts in New York require that the affiant offering proof under CPLR 3215(f) be one with personal knowledge of the facts surrounding the claim. [7] *CACV of Colo. LLC vs McKesey* 24 Misc3rd 1230(A), 2009 NY Slip Op 51673(U) ( White Plains City Court, 2009) . *Rushmore Recoveries X LLC vs Skolnick* 15 Misc 3rd 1139(A), 2007 NY Slip Op 51041(U) ( Nassau Dist Ct 2007) (reading from documents made by another party insufficient) [8]

Second, since the defendant has failed to appear and the plaintiff does not have the benefit of discovery, the affidavit must "allege enough facts to enable a court to determine that a viable cause of action exists" *Woodson vs Mendon Leasing* 100 NY2nd 62,70,71 ( NY CtApp 2003) . The Appellate Division for New York's Third Judicial Department (which includes Schenectady), has stated the standard this way:

> "An applicant for a default judgment must submit either an affidavit asserting
> the facts comprising the claim or a verified complaint, so the court has
> non hearsay confirmation of the factual basis constituting a prima facie case
> (*see* CPLR 3215 [f]; " *State of New York vs Williams* , 44 AD 3rd 1149 ( 3rd Dept ,2007)[9]

### *Prima facie* case for credit card cases in New York

Thus, the evidentiary burden is no less for a plaintiff seeking a default judgment than it would be at trial. So, equally crucial to an analysis of the Affidavit of Facts submitted by Arrow is an understanding of what courts in New York expect debt collectors to prove. The Appellate Division for the Third Judicial Department has found a *prima facie* case for credit card collections when the plaintiff presents non-hearsay proof establishing the existence of:

---

[7] "In support of the motion plaintiff submits a complaint verified by counsel and a an affidavit of plaintiff's 'authorized agent' Jeffrey Gustin. Mr Gustin states that plaintiff is the assignee and/or purchaser of the all rights and privileges of the original creditor grantor, Providian Bank. He further states "to the best of our knowledge, in the ordinary course of business, PROVIDIAN BANK, assignor to Plaintiff herein, did, prior to the transfer of the title, rights and privileges of said account, furnish and deliver to the Defendant(s) on 2/27/04, a full, just and true statement of the unpaid balance due from Defendant(s) by use of said account.' It is evident to the Court that Mr. Gustin has no personal knowledge of the retail charge agreement account agreement between defendant and Providian Bank"

[8] *McKesey* and *Skolnick* are attached to this at Exhibit 1.

[9] Ex 1 hereto The Court noted "… the factual assertion regarding the cause of action stated only that '[t]he basis for the action is [d]efendant's failure to pay or repay costs incurred by [plaintiff], pursuant to Navigation Law article 12, in cleanup and removal costs if a petroleum discharge.' This brief sentence was . insufficient to establish a prima facie case ."

7

1. an agreement between the parties;
2. issuance of a credit card to the defendant at his address;
3. use of the cards;
4. retention of monthly statements and payments on the account by the defendant.

*Citibank vs Roberts* 304 AD2d 901 ( 3rd Dept 2003) [10]

### Default affidavits now in question

The foregoing review of state law is significant, as District Courts are increasingly asked to review the litigation papers and practices of debt-buying collectors like Arrow.

In December 2010, the Southern District of New York sustained a complaint against a debt-buyer, its attorney, and their process server which alleged, *inter alia,* that defendants engaged in a "massive scheme" to fraudulently obtain default judgments against plaintiffs and more than 100,000 other consumers in state court. *Sykes vs Harris , et al 2010 U.S. Dist. LEXIS 137461* Plaintiffs there allege that  " defendants did so by engaging in "sewer service" -- the practice of failing to serve a summons and complaint and then filing a fraudulent affidavit attesting to service. When the debtors failed to appear in court because they did not have notice of the lawsuits, defendants obtained default judgments against them." Judge Chin found plausible the complaint allegations that the defendants not only "lack physical evidence of the debt," but that they knowingly authorized an agent to file false affidavits of merit -- misleading both the Civil Court and consumer-defendants -- to secure default judgments that enabled them to freeze bank accounts, threaten to garnish wages, or pressure individuals into settlements."  [11]

In August 2010, the District Court for the Northern District of Georgia, in *Kuria vs Palisades Acquisition XVI LLC* 2010 U.S. Dist. LEXIS 124014 sustained a complaint under the FDCPA where plaintiff alleged that Palisades, a debt-buyer like Arrow,  sued him on a debt that

---

[10] We refer the Court to Judge Lebedeff's well reasoned and thoughtful opinion in *Citibank vs Martin*  11 Misc3rd 219 ( NY CivCt. New York County 2005) , attached at Exhibit 1for the elements she finds essential to a creditor's prima facie case
[11] See text at Exhibit 2. Judge Chin also gives an extensive overview of the debt buying business of which Arrow is a part.

8

he did not owe and that it could not ever prove, intending to either obtain a default judgment or coerce him into a settlement.  The fact pattern is similar:  on December 1, 2008, Palisades sued Kuria in state court for an amount allegedly due on a credit card account formerly owned by Providian that Palisades had purchased. When Kuria requested discovery, Palisades voluntarily dismissed the state court action on October 30, 2009, purportedly because it had no documentation substantiating the existence or validity of the debt aside from an entry on an electronic spreadsheet containing similar information about many other accounts.[12]

In *Brent vs Midland*, 644 F. Supp. 2d 961  ( ND Ohio 2009), the District Court entered summary judgment for the debtor when it found the debt buyer violated the FDCPA by attaching to a complaint an affidavit claiming to be made on personal knowledge when it was not. Even though the debtor had answered the complaint to contest the debt, the court found the affidavit false, deceptive and misleading in a material way since its purpose was to convince the debtor and/or the court that the debt buyer had a valid claim.

### The Affidavit of Facts submitted by Arrow was false, deceptive and misleading as a matter of law

The question before the Court is whether the Affidavit of Facts Arrow used to obtain a default judgment against Linda Hasbrouck was false, deceptive, misleading or unfair as a matter of law. [13]

Based on the record before you, we believe the Affidavit , in its form and substance, was, in some aspects false, and in others deceptive, and as a whole effectively mislead the Schenectady City Court into believing Arrow had a *prima facie* case against Linda Hasbrouck, thus causing her to suffer the default judgment, bank restraint, and subsequent cost of  a legal defense.

---

[12] see text at Ex 2

[13] While plaintiff characterized the document  in her complaint as false, the matter was sued under the general provisions of 15 USC 1692e, 1692e(10) and 1692f, making a finding that the Affidavit  was deceptive or misleading equally appropriate.

9

It is clear that, as a matter of procedure, CPLR 3215 required Arrow to submit an affidavit of competent testimony that presented enough non-hearsay facts to warrant finding that Arrow had a prima facie case against Hasbrouck. It is undisputed that Arrow, at the time when the Affidavit of Facts was made and at the time it was submitted to the Schenectady City Court, had only the contents of the boarding file on hand. It is undisputed that Arrow lacked physical evidence of the alleged debt. Thus, the affidavit was naked hearsay dressed up in a statutory suit.

The Affidavit is misleading and deceptive in form. Its title, " Affidavit of Facts Constituting the Claim the Default and the Amount Due, " is cut-and-paste wording from CPLR 3215(f) itself , representing to the reader its purpose. In paragraph 2, the affiant makes three key statements of fact: 1) that Linda Hasbrouck " made credit card purchases or took money advances under a credit card or line of credit account or promissory note/loan, 2) that she had received a copy of the account/loan/note[14], and 3) that Arrow bought the account and told Hasbrouck about it. In paragraph 3, the affiant states categorically that Hasbrouck owes $3224.43. The affiant then states that her foregoing statements are "based on a review of plaintiff's books and records as well as account information provided to plaintiff by Household. "

in its form, the Affidavit of Facts clearly violates 15 USC §§1692e, 1692e10 and 1692f in that the Affidavit:

1.      Is an admitted hearsay document false representing itself to the Court Clerk that it complies with CPLR 3215(f);

2.      falsely states Linda Hasbrouck owed a debt;

3.      makes explicit ( ¶¶ 2 and 3) and implicit representations that Arrow possessed proof of the debt allegedly owed by Linda Hasbrouck even though Arrow had no such proof ( and apparently felt no need to obtain it);

---

[14]  language right out of *Roberts*

4. falsely creates the impression that Arrow had proof of the debt, by stating or inferring that they were in possession of " books and records" and " account information", when Arrow did not possess physical evidence of the debt other than the data in the boarding file;

5. makes statements of fact about the debt Arrow knew it could not prove, and

6. infers Arrow actually owns the alleged debt, when it has not provided, then and now, any proof that it does.

In substance, the Affidavit contains false , deceptive and misleading statements, to wit:

1. Arrow had no proof that a copy of the cardholder agreement had been furnished to Hasbrouck, making the statement false, even if made on information and belief, since there was no such information in the boarding file. The fact that such a statement is an element of the prima facie case makes it false and misleading in a material way. ( ¶2, Ex G to Pietrafesa Affidavit)

2. The statement that "there remains a balance on said account of $3224.42, due and owing on the plaintiff's cause of action as of this date is patently untrue , contradicted by the only information Arrow had, which is the $3002.20 indicated in the boarding file. (¶ 3, Ex G)

3. The statement that the affidavit was based on a review of Arrow's "books and records" *as well as*[15], "account information provided to plaintiff by Household" infers the statements are based on substantial evidence when the only thing Arrow had was the data-laden boarding file.

---

[15] in other words, two sets of records, one developed by Arrow and one Household gave it. In reality, they are one and the same , i.e., the boarding file

In *Stolicker vs Muller et al*, 2005 U.S. Dist. LEXIS 32404 ( WDMich 2005),[16] the defendant law firm took a default judgment against a debtor. The law firm submitted an affidavit asking the clerk to enter a default( rather than an inquest)  because the amount claimed was a sum certain. However, the lawyers had included[17] a percentage-based attorney's fee to the balance. On summary judgment the District Court found the inclusion deceptive and the lawyer's  characterization of the amount claimed in the affidavit a false representation, since it was not truly a sum certain, as the  fee contradicted the debtor's cardholder agreement for " reasonable fees" and because, in Michigan, attorney fees are awarded by the court upon submission  of proof. ( *9-*14)

*Muller's* default application was offensive because it called the amount claimed something it was not.  Likewise, Arrow's Affidavit of Facts here offends by falsely representing that Arrow ( as required by statute and case law) had a valid claim against Linda Hasbrouck based on documents  when it did not.

### Arrow cites no authority for the proposition that a hearsay affidavit is proper when filing a default judgment in  New York

Arrow misconstrues the issue here. Linda Hasbrouck does not allege Arrow lacked a good faith basis for suing her. She does not argue  Arrow sued her before  having proof of the debt.  Hasbrouck does not  allege the state court complaint was false, deceptive or misleading in anyway.  Thus, the authority defendant cites in is  memorandum of law is inapposite to the question here.

What is in issue is the affidavit Arrow used to induce the Schenectady City Court Clerk to enter judgment on its behalf in favor of Linda Hasbrouck.  Does the use of an admittedly hearsay document, which infers Arrow has a valid claim based on books, records and account information it does not possess, violate the FDCPA when state law requires the affidavit be made by a person with personal knowledge sufficient to state facts upon

---

[16] set for that Ex 2 to this
[17] without disclosing

...

which a prima facie case can be found?  Is it deceptive, misleading or unfair to apply for a default when Arrow did not have physical, probative proof of the debt ?  Arrow's cited authority does not answer those questions.

## CONCLUSION

In opposition to Arrow's Rule 12( c ) motion to dismiss on the pleadings, we argued that if Arrow did not have proof of the debt in May 2009, when it agreed to discontinue the action, it probably did not have poof in October 2008 when they took the default. Judging by Paul Ziebert's declaration, and the proof at Exhibit H, that statement is true.   Clearly, Arrow took a default judgment against Linda Hasbrouck without having anything to substantiate the claim.  City Court took Arrow at its word, and Arrow took a judgment against Linda Hasbrouck, restrained her bank account for a week, and forced her to fight both that and the  claim,  from which  Arrow subsequently retreated.

Based upon the record, if you find for the defendant, you do not protect consumers like Linda Hasbrouck from  unscrupulous debt collectors. As the District Court for Northern Ohio said in *Brent*,  "  Considering public policy, it is also worth noting many debt collection cases of these types place courts in the position of evaluating the validity of the plaintiff's claim without any response from the defendant. Thus, in general terms, courts rely on the assertions in an affidavit to determine, among other things, whether the debt is valid and judgment, usually default judgment, should be granted. *Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961, 970

If you find for the defendant, you disadvantage all other debt collectors ( and other plaintiffs who seek default judgments in  money actions) who heed state court decisions like *McCaffrey* and *Vigilante* and make sure they have documentary proof of their claims before asking local courts for judgment.  And by finding that the affidavit Arrow submitted was not false, deceptive, misleading or unfair, you encourage out of state debt buyers and their lawyers to ignore CPLR 3215.

Please enter summary judgment for the plaintiff and set the matter down for a hearing on damages and attorney's fees.

DATED:   2/13/2011

*s/ Anthony J Pietrafesa*

ANTHONY J PIETRAFESA ESQ ( 102368)

*Attorney for Linda Hasbrouck*
210 Bell Court
Schenectady NY 12303
518.218.0851
fax: 518.514.1241
ajp@ajp1law.com