**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA HASBROUCK,**

                                        **Plaintiff,**

              **vs.**                                                **1:09-CV-748**
                                                                     **(MAD/RFT)**

**ARROW FINANCIAL SERVICES LLC,**

                                        **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

OFFICE OF ANTHONY J. PIETRAFESA              Anthony J. Pietrafesa, Esq.
210 Bell Court
Schenectady, New York 12303
*Attorneys for Plaintiff*

McGUIRE WOODS LLP                            David L. Hartsell, Esq.
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
*Attorneys for Defendant*

LACY KATZEN LLP                              John T. Refermat, Esq.
130 East Main Street
The Granite Building
Rochester, New York 14604
*Attorneys for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

        Plaintiff Linda Hasbrouck ("Hasbrouck" or "plaintiff") commenced the within action

seeking damages as a result of defendant's alleged violation of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Specifically, plaintiff alleges that defendant violated §§

1692e; 1692e(10); and 1692f of the FDCPA.  Presently before the Court is defendant's motion for

summary judgment and an award of attorney's fees and costs (Dkt. No. 22) and plaintiff's cross

motion for summary judgment (Dkt. No. 27).

## FACTS AND BACKGROUND[1]

Plaintiff is a citizen of the State of New York and resides within the Northern District of

New York.  Defendant Arrow Financial Services, LLC ("Arrow" or "defendant") is a Delaware

limited liability company authorized to do business in the State of New York.

Prior to July 2008, Arrow, a debt collection agency, purchased a credit card account under

the name of Linda Hasbrouck from HSBC Bank Nevada ("HSBC" or "Household").  At the time

of the purchase, Arrow obtained electronic account information regarding Hasbrouck's account

from Household.  This information, which defendant refers to as the "Boarding File" included:

plaintiff's name; address; social security number; telephone numbers; the account number on

plaintiff's Best Buy account; the date the account was opened; the date of the charge off; the

balance at the time of the charge off; and the date and amount of the last payment.  Arrow

concedes that, at the time it purchased the account,  Household did not provide the following: the

original application for credit as signed by plaintiff; the cardholder agreement; proof that the

cardholder agreement was provided to plaintiff; copies of monthly statements; or proof that

payment of the balance due had been demanded.

On July 14, 2008, Arrow commenced a lawsuit against Hasbrouck in Schenectady City

Court.[2]  In the complaint, Arrow alleged, "[u]pon information and belief [Hasbrouck] in person

or through an agent made credit card purchases or took money advances under a credit card or line

---

[1] The background set forth in this section is taken from: (1) Defendant's Statement of Material Facts and plaintiff's response therein; (2)Plaintiff's Statement of Material Facts and defendant's response therein; (3) the exhibits and evidence submitted by defendant in support of the Motion for Summary Judgment; and (4) the exhibits and evidence submitted by plaintiff in opposition to the Motion for Summary Judgment and in support of the Cross Motion for Summary Judgment.  The facts recited are for the relevant time period as referenced in the complaint.

[2] *Arrow Fin. Servs., LLC v. Linda Hasbrouck*, Index No. 3601/08.

2

of credit account or promissory note/loan - which a copy was furnished to [Hasbrouck].  [Arrow] purchased this account for value and [Hasbrouck] was notified of same".   Arrow also alleged, "[t]here remains an agreed balance on said account of $3,224.43 due and owing on [Arrow's] cause of action, no part of which has been paid although duly demanded".

On October 31, 2008, Arrow moved for a default judgment against Hasbrouck.  In support of that motion, Arrow submitted an Affidavit entitled "Affidavit of Facts Constituting The Claim The Default and The Amount Due" setting forth the facts supporting its claim and the amount owed.  On July 1, 2008, Geamen Izdou, an authorized agent/officer employed by Arrow, executed the affidavit.  Izdou stated, "[o]n information and belief, the defendant through an agent made credit card purchases or took property advances under a credit card or line of credit account or promissory note/loan which a copy was furnished to defendant". The affiant further stated that Hasbrouck was delinquent on the credit card account that Arrow purchased from HSBC, the original creditor.  The affiant based his conclusions on, "a review of plaintiff's (Arrow's) books and records as well as account information provided to plaintiff (Arrow) by Household [HSBC]".[3]

Arrow obtained a default judgment against Hasbrouck in the amount of $3,224.43 together with statutory interest and costs.  In November 2008, Hasbrouck learned of the default judgment. On December 1, 2008, Hasbrouck retained counsel to represent her in the Schenectady City Court action.  On December 8, 2008, the parties agreed to vacate the default judgment.  On May 18, 2009, the parties stipulated to discontinue the City Court action without prejudice.

On June 30, 2009, plaintiff filed the within action alleging that defendant violated the FDCPA by, "submitting an affidavit in a state court collection action which falsely represent [sic]

---

[3] Arrow admits that at the time the motion for default was filed, Arrow did not physically possess plaintiff's credit card application, the cardholder agreement or monthly account statements.  However, Arrow claims that the information/documents were available to Arrow upon request.

that the affiant has personal knowledge of the material facts constituting the allegations and possessed documents which support the action's claims". Plaintiff further alleged, "Arrow, on the date of the affidavit and otherwise, never had anything from Household and had no books and records regarding any account in my name".

On July 15, 2009, Paul C. Ziebert, Arrow's Vice-President and Senior Corporate Counsel, requested additional account documentation from Household. Household responded by providing Arrow with the following: copies of the Best Buy credit card application executed by Hasbrouck dated January 13, 2006; the cardholder agreement; and copies of monthly account statements covering the period January 2006 through May 2007.[4] Ziebert claims that these documents were provided to Hasbrouck's counsel on August 3, 2009, prior to Arrow responding to the complaint.[5] On September 30, 2009, Arrow filed an Answer to the complaint.

On November 20, 2009, defendant filed a motion for judgment on the pleadings. On March 26, 2010, District Judge Gary L. Sharpe issued an order denying defendant's motion noting that, "Hasbrouck's complaint gives rise to at least a plausible inference of falsity, and alleges a potentially viable claim under the FDCPA."

## DISCUSSION

## I.     DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.     Standard on Motion for Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit

---

[4] The record does not indicate when Arrow received this information.

[5] Plaintiff does not deny that she received this information.

under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986). A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See id*. If the nonmovant fails to carry this burden, summary judgment is appropriate. *See id*.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen 'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

## B. 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692f

"The Fair Debt Collection Practices Act, is intended to eliminate 'abusive debt collection practices' and imposes civil liability on any 'debt collector' who does not comply with its provisions." *Gargiulo v. Forster & Garbus Esqs*., 651 F.Supp.2d 188, 191 (S.D.N.Y. 2009). Section 1692e provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, 1692e(10); *see also Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (quoting 15 U.S.C. § 1692e). "In evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice." *Id*. (citations omitted). The least-sophisticated-consumer standard applies to violations of § 1692e(10), as well as § 1692f. *Grden v. Leikin, Ingber & Winters, P.C.*, 2010 WL 199947, at *4 (E.D.Mich. 2010) (citing *Lewis v. ACB Bus. Servs., Inc*., 135 F.3d 389, 400 (6th Cir.1998)). For the purposes of § 1692e, if a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA - even if it is false in some technical sense. *Wahl v. Midland Credit Mgmt., Inc*., 556 F.3d 643, 646 (7th Cir. 2009) (citation omitted). In *Wahl,* the Court of Appeals held:

> Wahl can't win simply by showing that Midland's use of the term "principal balance" is false in a technical sense; she has to show that it would mislead the unsophisticated consumer.
>
> *   *   *
>
> The "unsophisticated consumer" isn't a dimwit. She may be "uninformed, naive, [and] trusting," but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences."

*Id*. at 645- 46 (internal citations omitted).

Commenting on the "unsophisticated consumer" standard, the Second Circuit has held, "this standard serves the dual purpose of protecting all consumers, including 'the naive and the trusting', from deceptive debt collection practices, and protecting debt collectors 'against liability for bizarre or idiosyncratic interpretations of collection notices'". *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir.1993).

Mere speculation that a document confuses the unsophisticated debtor is not enough to survive a motion for summary judgment filed by a debt collector. *Beler v. Blatt, Hasenmiller, Leibsker and Moore, LLC*, 2006 WL 1423118, at *3 (C.D. Ill. 2006). The debtor must establish evidence of confusion with more than his own self-serving assertions. *Id*. (the plaintiff admitted in open court that she owed money to the defendant and had no difficulty understanding her relationship with the entities; the defendant was entitled to summary judgment). To succeed in an action based upon the FDCPA, "a showing of more than literal falsity is required". *Berg v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2009 WL 901011, at *6 -7  (N.D.Ill. 2009) (an "affidavit's inaccurate recitation of the debts and interest owed will not in themselves carry the day for [the plaintiff]"); *Gargiulo*, 651 F.Supp.2d at 192 (it is not enough to allege that statements were false).

Moreover, there is a materiality requirement for allegedly false statements under § 1692e. *Hahn v. Triumph P'ships LLC*, 2009 WL 529562, at *2 (7th Cir. 2009) ("as a logical extension of *Wahl*, '[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable'"); *see also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 -97 (6th Cir. 2009) ("Appraising the complaint in a common sense way convinces us that, just as [the plaintiff] "pretty much" understood [the] language, so too would the least-sophisticated consumer").  An immaterial statement or information does not contribute to the objective of the FDCPA nor does it

7

undermine it.  *Hahn*, 557 F.3d at 757-58.  Statements are material if they influence a consumer's decision-to pay a debt or if they would impair the consumer's ability to challenge the debt. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011)*; see also Hale v. AFNI, Inc.*, 2010 WL 380906, at*8 (N.D.Ill. 2010) (citations omitted) (finding that the statement that the defendant was "unable to investigate due to insufficient information" was material as it impaired the consumer's ability to challenge the debt and her decision to pay the debt); *see also Midland Funding LLC v. Brent*, 644 F.Supp.2d 961, 971 (N.D. Ohio) (statements by an affiant that he had personal knowledge of the debt, account and the debtor were material to the issue of whether the debt was valid).

Here, when read in a light most favorable to plaintiff, the complaint includes two allegations: (1) Arrow lacked proof of the debt when it filed the state court action; and (2) Arrow submitted a false affidavit in City Court in violation of the FDCPA.

### 1.      Proof of Debt

In opposition to defendant's motion, plaintiff provided an Affidavit stating:

> Whether I owe the debt or not is irrelevant to the question at hand, it does not excuse Arrow's conduct, Arrow took a default judgment against me without having actual proof of the debt, then tried to take my property, too.  When they were called on the question, they folded.

Plaintiff's Affidavit at para 5.

Defendant argues, "[t]o the extent that plaintiff is suggesting that Arrow violated the FDCPA because it did not have sufficient documentation to prove that she owed the debt, she is mistaken".  The Court agrees.

The majority of district and appellate courts have routinely held that, "the filing of a collection lawsuit without the immediate means of proving the debt does not violate the FDCPA".

8

*See Krawczyk v. Centurion Capital Corp.*, 2009 WL 395458, at *10 (N.D. Ill. 2009) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006) (even when viewed from the perspective of an unsophisticated consumer, the filing of a [ ] suit . . . does not have the natural consequence of harassing, abusing or oppressing a debtor")); *see also Deere v. Javitch, Block and Rathbone LLP*, 413 F.Supp.2d 886 (S.D. Ohio 2006) (the court granted the defendant's motion to dismiss noting that the plaintiff did not allege that the state court collection complaint or the affidavit attached contained a false representation); *see also Clark v. Unifund CCR Partners*, 2007 WL 1258113, at *4 (W.D. Pa.2007) (the allegation that the defendant law firm made a false or misleading representations by attaching an affidavit to a state court complaint without documentary evidence of the debt is insufficient to establish a claim under the FDCPA).

Accordingly, the Court grants this portion of defendant's motion for summary judgment and dismisses plaintiff's FDCPA claims based upon defendant's commencement of the Schenectady City Court action without sufficient documentation or proof of plaintiff's debt.

### 2.      Affidavit Submitted in Support of Default Judgment

Plaintiff further claims that the Izdou affidavit contained hearsay and false, misleading or deceptive statements.  Specifically, plaintiff alleges that the Izdou Affidavit contained the following misleading statements:

> 1.      Arrow had no proof that a copy of the cardholder agreement had been furnished to Hasboruck, making the statement false, even if made on information and belief, since there was no such information in the boarding file.  The fact that such a statement is an element of the prima facie case makes it false and misleading in a material way.

> 2.      The statement that "there remains a balance on said account of $3224.42, due and owing on the plaintiff's cause of action as of this date is patently untrue, contradicted by the only

information Arrow had, which is the $3002.20 indicated in the boarding file.

3.   The statement that the affidavit was based on a review of Arrow's "books and records" as well as, "account information provided to plaintiff by Household" infers the statements are based on substantial evidence when the only thing Arrow had was the data-laden boarding file.

As an initial matter, the Court notes that these allegations include claims relating to defendant's filing of the Schenectady City Court suit without the immediate means to prove the debt owed. As stated previously in this Order, any such allegation is subject to summary judgment and dismissal.

In support of the motion for summary judgment, defendant relies upon the Izdou Affidavit.[6]  While plaintiff alleges in the complaint that Arrow submitted an affidavit, ". . . which falsely represent [sic] that the affiant has personal knowledge of the material facts constituting the allegations", nowhere in the affidavit does Izdou make such an assertion.  Izdou avers that the affidavit is based upon, "a review of plaintiff's books and records as well as account information provided to plaintiff by Household".  In further support of the motion, defendant relies upon an affidavit executed by Tonia Easterling.[7]  At the time Easterling executed the affidavit, on December 29, 2009, she was an Outsourcing Manager for defendant.  Easterling states, "our application for default judgment was based on Arrow's books and records and on account information that we received from Household.  Nowhere does the affidavit say that Arrow had in its possession at the time of securing the default the account level statements sent to Hasbrouck during the eighteen months in which the account was open."

---

[6] The Izdou Affidavit was annexed as an exhibit and incorporated by reference in the complaint.

[7] Easterling's affidavit was originally submitted in support of defendant's motion to dismiss and is provided as an exhibit to defendant's motion for summary judgment.

In opposition to the motion and in support of the cross motion, plaintiff relies solely upon her own affidavit.[8]  In the affidavit, plaintiff takes issue with defendant's failure to prove the debt and defendant's conduct.  This evidence is insufficient to defeat defendant's motion.  Not only has plaintiff failed to provide competent and admissible evidence to prove that any of the aforementioned statements are false, plaintiff also failed to provide any evidence proving that the alleged false statements would mislead the least sophisticated consumer.  *See Jenkins v. Centurion Capital Corp.*, 2009 WL 3414248, at *5 (S.D. Ill. 2009) (the plaintiff offered no evidence to show that the Credit Card Account Agreement did not govern the plaintiff's account and therefore, summary judgment was granted to the defendant).  While the Court views the evidence in a light most favorable to the nonmovant, plaintiff fails to satisfy her burden of establishing a genuine issue of fact.  Plaintiff improperly relies upon speculation and conclusory assertions in an attempt to defeat defendant's motion for summary judgment.

Even assuming plaintiff could establish that the affidavit contained statements that were false and/or deceptive, plaintiff has not proven that the statements are material to the issues at hand.  Plaintiff's affidavit is completely devoid of any claim that plaintiff was confused or that she did not understand any aspect of Izdou's affidavit or the underlying City Court action.  Plaintiff claims, "I was upset, anxious and confused as to why they had taken my bank account without me knowing anything about it beforehand.  I felt abused, oppressed and insecure in my daily business activities, and shameful in surprise".  Plaintiff does not claim that any confusion contributed to her failure to challenge the debt or her decision to pay the debt.  Moreover, plaintiff does not claim that she was unaware of her obligations, that the debt was not hers, or that she was confused regarding the validity of the debt.  *See Miller*, 561 F.3d at 596 -597 (the plaintiff

---

[8] The record does not contain any transcripts from any examinations before trial.

admitted that she was aware of the credit card at issue, that she stopped paying on it and further, that she "pretty much" understood the complaint when she received it as being an attempt to collect); *but see Midland*, 644 F.Supp.2d at 971 (the debtor claimed that she was unaware of any obligation owed and had to evaluate the affidavit and whether the debt was valid). Indeed, plaintiff states, "whether I owed the debt or not is irrelevant to the question at hand". Furthermore, plaintiff cannot claim that the alleged false statements impaired her ability to challenge the debt because immediately upon learning of the default judgment, plaintiff retained counsel and the judgment was vacated.

Plaintiff has failed to establish the existence of a genuine issue of material fact requiring a trial in this matter. Thus, defendant's motion for summary judgment and dismissal of plaintiff's FDCPA claims as related to defendant's alleged false and misleading affidavit is GRANTED.[9]

## II.    MOTION FOR ATTORNEYS FEES AND COSTS

Defendant moves for an award of attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). If the court finds that an action under the FDCPA "was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *See* 15 U.S.C. § 1692k(a)(3). Defendant must provide evidence of plaintiff's bad faith (as opposed to counsel's bad faith) and proof that the suit was instituted for the purpose of harassment. *Kahen-Kashani v. Nat'l Action Fin. Servs., Inc.,* 2004

---

[9] In Defendant's Reply to Plaintiff's Cross Motion for Summary Judgment, defendant asks this Court to strike and disregard both plaintiff's affidavit and Pietrefesa's affidavit. Plaintiff submitted the affidavits in opposition to the motion for summary judgment and in support of her cross motion for summary judgment. Specifically, defendant seeks to strike plaintiff's affidavit as plaintiff failed to respond to defendant's discovery demands. Moreover, defendant moves to strike counsel's affidavit as counsel is acting as an attorney and a putative material witness in the matter. As the Court has granted defendant's motion for summary judgment, the Court denies defendant's request to strike as moot. *See Neri v. R.J. Reynolds Tobacco Co.*, 185 F.Supp.2d 176, 183 (N.D.N.Y. 2001).

WL 1040384, at *7 (W.D.N.Y. 2004).  In this regard, defendant provided an affidavit executed by Paul C. Ziebert.  Ziebert details Arrow's efforts to obtain additional information from Household after plaintiff commenced the within action.  Ziebert states, "[t]hese documents were provided to Hasbrouck's counsel on August 3, 2009, prior to Arrow responding to the complaint, to establish that Hasbrouck had no good faith basis for pursing the action".  The Court finds defendant's proof insufficient and upon a review of the record, further finds that an award of fees and costs is not appropriate under the circumstances.  Accordingly, defendant's motion is DENIED.  *See Bank v. Cooper*, 2009 WL 1491227, at *5 (E.D.N.Y. 2009).

**III.    PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

For the reasons previously stated, defendant's motion for summary judgment is granted. Accordingly, plaintiff's cross motion for summary judgment is DENIED as moot.

**CONCLUSION**

Accordingly, it is hereby

**ORDERED** that defendant's motion for summary judgment and dismissal of plaintiff's complaint (Dkt. No. 22) is GRANTED; and it is further

**ORDERED** that defendant's motion for attorneys' fees and costs (Dkt. No. 22) is DENIED; and it is further

**ORDERED** that plaintiff's cross motion for summary judgment (Dkt. No. 27) is DENIED.

**IT IS SO ORDERED.**

Dated: May 19, 2011
         Albany, New York

Mae A. D'Agostino
U.S. District Judge